F I L E D
CLERK OF COURT

2025 JUL 18 PM 5: 07

SUPERIOR COURT
OF GUAM



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO.  CF0612-20 |
| | GPD Police Report No.: 20-29166 |
| v. | |
| | **DECISION AND ORDER** |
| JOE MARTIN BORJA MANTANONA, | *Re: People's Motion to Revoke Defendant's* |
| aka Joemartin Borja Mantanona, aka Joe, | *Probation and Impose Jail Sentence* |
| DOB: 10/23/1992 | |
| | |
| Defendant. | |

This case returns to the Court on the People's Motion to Revoke the Defendant's Probation and to Impose the Jail Sentence previously suspended. The hearing was held on April 10, 2025, with Defendant present and represented by Assistant Public Defender William Bischoff. The People appeared through Assistant Attorney General Aaron Bryce. After careful review of the record, the Court grants the motion.

### BACKGROUND

On January 19, 2022, Defendant pled guilty to two counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor). The Court accepted the plea and sentenced him accordingly. The terms were straightforward: two years of incarceration, suspended in full, with credit for time served. In exchange, Defendant agreed to two years of supervised probation.

The probation came with conditions; some standard, some tailored. Defendant was to report monthly to the Adult Probation Services Division. He was to attend sex offender counseling

through the Client Services and Family Counseling Division. He was to obey all laws, federal and local. He was also placed on house arrest for twelve months, with a school exception. If he dropped out, he'd serve one year in jail. And he was ordered to pay a $1,000 fine, $80 in court costs, and restitution to the victim.

On July 25, 2022, Probation filed its First Violation Report. Defendant had failed to attend counseling. He hadn't reported to Probation. He hadn't paid any sum toward his fine or court costs. These were not minor lapses. they were wholesale disregard of the agreement.

The People responded by filing a Motion to Revoke on February 27, 2023. A hearing was scheduled for September 12, 2023. Defendant didn't show. Neither probation nor defense counsel could reach him. The Court issued a warrant the next day, setting bail at $500.00.

On December 12, 2024, the Marshals returned on the warrant. Defendant had been arrested and charged with Possession of a Schedule II Controlled Substance (Third Degree Felony) in a separate case, CF0840-24. Probation followed with a Second Violation Report, citing a new violation: failure to obey Guam law.

On January 14, 2025, Defendant filed an opposition to the motion to revoke. He said he was employed and supporting a family, but he offered no explanation for his absence from Probation since May 11, 2022, or for missing the September 2023 hearing.

The Court held a final revocation hearing on April 10, 2025. Defendant appeared. The matter was taken under advisement.

## DISCUSSION

9 GCA § 80.66, which governs probation revocation proceedings, provides, in relevant part, that:

> (a) At any time before the discharge of the offender or the termination of the period of suspension or probation:

(1)    upon a showing of probable cause that an offender has violated a condition of his suspension or probation, the court may summon the offender to appear before it or may issue a warrant for his arrest[, and] ...

(2)    the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(1)-(2). (2023).

Probation revocation is a two-step process. The Guam Supreme Court has clarified this process. In *Guam v. Camacho*, 2009 Guam 6 ¶ 27, the Court explained that revocation requires both a factual finding of violation and a discretionary judgment about whether revocation serves justice. The goal is not to punish, but to assess whether the defendant remains a good candidate for probation. See also *People v. Manila*, 2005 Guam 6 ¶ 13.

Here, the violations are not in dispute. Defendant failed to attend counseling. He failed to report to Probation for nearly two years. He failed to pay his financial obligations. He failed to appear for a scheduled hearing. And he was arrested and charged with a new felony offense.

These are not technical violations. They go to the heart of the probationary agreement. The counseling requirement was central to rehabilitation. Monthly reporting was essential for oversight. Financial obligations were part of accountability. Obeying the law is the baseline expectation of any probationer.

Defendant now claims employment and family support. While commendable it is simply not enough for the court to conclude that he remains a good candidate. He has taken no steps to

remedy his violations. He has not paid the $180 owed. He has not explained his absence. He has not demonstrated a renewed commitment to compliance.

Probation is not a right, it's a privilege. See *Camacho*, 2009 Guam 6 ¶ 26. The Court must weigh Defendant's circumstances against the need for accountability and public safety. On balance, the scale tips decisively toward revocation.

### CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation. Defendant's probation is hereby **REVOKED** and, pursuant to the terms of the Plea Agreement, Defendant is sentenced to two (2) years of incarceration at the Guam Department of Corrections with credit for time served.

**SO ORDERED** ___JUL 1 8 2025___ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG , PDSC

Date: 7/18/25 Time: 5:25 pm

Antonio P. Cruz
Deputy Clerk, Superior Court of Guam